# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| TONA RENEE BUSBEE, | ) |
| | ) Civil Action No.: 8:19-cv-1190-TMC |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| KELLY M. CLARK | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Plaintiff's Motion to Remand (ECF No. 12) and Plaintiff's Motion for Attorney's Fees (ECF No. 15). Defendant is represented by counsel while the Plaintiff proceeds *pro se*. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the court grant Plaintiff's Motion to Remand and deny Plaintiff's Motion for Attorney's Fees. (ECF No. 26). The magistrate judge notified the parties of their right to file objections to the Report. *Id*. at 21. Defendant filed timely objections to the Report. (ECF No. 29). Plaintiff did not file objections to the Report but filed a response to Defendant's objections (ECF No. 30). Accordingly, the matter is now ripe for review.

The report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber,* 423 U.S. 261-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C §

636(b)(1). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## I. BACKGROUND

Plaintiff commenced this action by filing a summons and complaint in the Oconee County Court of Common Pleas on April 9, 2019, alleging a state law claim for defamation. (ECF No. 1-1 at 3 - 7). Thereafter, Plaintiff served the summons and complaint on Defendant through the Oconee County Sheriff's Office on April 14, 2019. (ECF No. 10-1). Defendant filed its Notice of Removal (ECF No. 1) with this court on April 24, 2019, on diversity jurisdiction grounds.

The court issued an Order to Show Cause (ECF No. 8), dated April 29, 2019, directing Defendant to explain why the case should not be remanded to state court. On May 2, 2019, Plaintiff filed a Motion to Remand, arguing that the elements of diversity jurisdiction as laid out in 28 U.S.C § 1332 are not met in this case due to Defendant being a South Carolina resident and the amount in controversy being less than $75,000. (ECF No. 12). On May 7, 2019, Defendant replied to Plaintiff's Motion to Remand, arguing that diversity jurisdiction is warranted because Defendant is a resident of Florida and the amount in controversy is $150,000. (ECF No. 19). On May 13, 2019, Plaintiff filed a reply to Defendant's response (ECF No. 24).

## II. LAW AND ANALYSIS

### A. Diversity

District courts enjoy "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. This statute requires complete diversity. *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

To satisfy the complete diversity requirement of 28 U.S.C. § 1332, "the citizenship of every plaintiff must be different from the citizenship of every defendant." *Id*. "To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State." *Id*. "Domicile requires physical presence, coupled with an intent to make the State a home." *Id*. As one court noted, "it is quite settled that mere residence in a state is not enough for purposes of diversity, and that the more elusive concept of 'domicile' is controlling." *Miller v. Lee*, 241 F. Supp. 19, 22 (W.D.S.C. 1965); *see also Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (holding residency is not sufficient to establish citizenship). When a party's citizenship is in question, a court must consider several factors to accurately determine citizenship including voter registration, location of property, location of current residence, bank accounts, church affiliation, place of employment, and location where taxes are paid. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017).

In her Report, the magistrate judge determined that the Defendant is a South Carolina resident because Defendant owns and occupies a residence in South Carolina, participates in community meetings in South Carolina, pays utility bills in South Carolina, drives South Carolina registered vehicles, and pays taxes in South Carolina. (ECF No. 26 at 9). Additionally, the Report notes that despite the Defendant stating otherwise, due to the Defendant's choice to participate in community meetings and discussions in her South Carolina residential community, the Defendant appeared to have an intent to be domiciled in South Carolina. *Id* at 10.

Defendant filed objections to the Report. (ECF No. 26). Most of Defendant's objections are nonresponsive to the Report and simply reiterate the claims and facts that were already considered by the magistrate judge. Defendant does object, however, to the magistrate judge's determination that Defendant is domiciled in South Carolina. (ECF No. 29 at 3). Specifically, Defendant argues that she is not domiciled in South Carolina because she has a Florida driver's license, owns land in Florida, has not claimed preferential tax treatment for her lot in South Carolina, has vehicles registered in Florida, receives her pet's medication from a veterinarian in Florida, and has a Florida address[1] for many important documents. *Id.* at 2-3. Moreover, Defendant maintains that Plaintiff has failed to present sufficient evidence that Defendant intended to change her Florida domicile, noting that "mere absence from a fixed home, however long continued" does not constitute a change in domicile. (ECF No. 29 at 1-2).

In response, Plaintiff argues that Defendant has had no residence other than her home in Oconee County, South Carolina, since 2016. (ECF Nos. 12-2 at 2; 30 at 2). Plaintiff further contends that the Defendant maintains connections to Florida merely for income tax advantages and that this Florida address is nothing more than a mail-forwarding service run out of a retail outlet, found at 411 Walnut Street #11017, Green Cove Springs, FL 32043. (ECF No. 12-2 at 2).

District courts must construe the removal statute strictly against removal because removing a case from state court implicates "significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758

---

[1] As noted, one factor in determining citizenship is the location of a party's current residence. In the attachments to her affidavit filed in response to the motion for remand, the Defendant redacted her Florida address. No effort was made to file the address under seal or to seek a protective order. (ECF No. 19-3).

F. Supp. 1098, 1102 (D.S.C. 1990) (holding strict interpretation of the removal statute calls for any doubts about federal jurisdiction being resolved against removal, with the case being remanded to state court). Defendant has not contested the assertion that the redacted address is in fact not an established Florida residence. Indeed, the evidence reflects that the Defendant has no "fixed home" or place of abode in Florida. At most, Defendant has shown that there is doubt as to whether she is domiciled in Florida or South Carolina. Any doubt, however, must be resolved in favor of remand and against removal. *Cheshire*, 758 F. Supp. at 1102.

### B. Amount in Controversy

In the alternative, this court also finds that Defendant has not met her burden in showing this case meets the Amount in Controversy requirement. To satisfy the Amount in Controversy requirement of 28 U.S.C. § 1332, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332. If the complaint does not include a demand for a specific amount of damages, the "removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden cannot be met by a Defendant merely alleging the presence of such a sum, but rather, the removing Defendant must supply evidence that demonstrates the amount in controversy exceeds $75,000. *Id.*

The Defendant relies heavily on Plaintiff's email to Defendant claiming that Defendant could be liable for a $150,000 jury verdict. (ECF No. 19-1). This email, however, also includes a demand of only $175 and a non-disparagement agreement by Defendant. (ECF No. 30-4). Defendant redacted this portion of the email under the guise of settlement discussions while allowing other settlement discussions, including the Plaintiff's threat of a $150,000 verdict, to remain visible. (ECF No. 19-1 at 2).

Defendant objects that the Plaintiff has failed to "foreswear (sic) willingness to seek or accept a jury award in excess of $75,000." (ECF No. 29). Defendant relies on authority claiming that a Plaintiff's failure to stipulate that her claim is worth less than $75,000 gives rise to an inference that Plaintiff thinks it is worth more. *Workman v. UPS*, 234 F.3d 998, 1000 (7th Cir. 2000). This inference, however, does not rise to the level as to satisfy Defendant's burden.

As it stands, the only evidence supplied by the Defendant to demonstrate that the requisite amount in controversy is met in this case is an email by Defendant to Plaintiff. (ECF No. 30-4). While Defendant's redacted copy of the email does show Plaintiff confirming that she believes this case could carry a possible $150,000 verdict, Plaintiff's copy of the email also shows Plaintiff only asking for $175. (ECF No. 30-4) As such, Defendant does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Because strict interpretation of the removal statute calls for any doubts about federal jurisdiction being resolved against removal, the lack of clarity as to whether or not the amount in controversy requirement is met calls for remand. *See Cheshire*, 758 F. Supp. at 1102. To hold otherwise would contravene Congress's intent to give deference to a plaintiff's choice of a state forum and to resolve doubts against removal in favor of remand. *Spillers v. Tillman*, 959 F. Supp. 364, 368-69 (S.D. Miss. 1997). Accordingly, Defendant has not adequately resolved these doubts, and, thus, Defendant has failed to meet her burden of showing diversity jurisdiction.

### C. Attorney's Fees

Plaintiff also filed a Motion for Attorney's Fees under 28 U.S.C. § 1447(c), contending that she is entitled to $150 for each of the five hours she committed to this case. (ECF No. 15). Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff seeks an award of

$750 for attorney's fees pursuant to § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 15 at 2). Based on her experience as a paralegal, Plaintiff values her work at $150 an hour and states she worked five hours. *Id*. Defendant argues that Plaintiff is proceeding pro se and, thus, is not entitled to attorney's fees. (ECF No. 19 at 1-2).

The magistrate judge agreed with Defendant, concluding that Plaintiff is not entitled to an award of attorney's fees because a *pro se* plaintiff may not collect attorney's fees. (ECF No. 26 at 18). Plaintiff filed no objection to this determination. The court has reviewed the record and finds no clear error. *See Guidetti v. Cty. Of Greenville*, No. 6:11-cv-1249-HMH-JDA, 2011 WL 5024287 at *3 (D.S.C. Sept. 12, 2011); *Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 18 (D.D.C. 2017). Accordingly, the court adopts the magistrate judge's recommendation for the denial of attorney's fees.

### III. CONCLUSION

After a thorough review of the record in this case, pursuant to the standards set forth above, the court finds no basis to disturb the Magistrate Judge's Report (ECF No. 26) and adopts and incorporates it herein. Accordingly, Plaintiff's Motion to Remand (ECF No. 12) is **GRANTED** and the case is **REMANDED** to the Oconee County Court of Common Pleas. Additionally, Plaintiff's Motion for Attorney's Fees (ECF No. 15) is **DENIED**. The remaining pending motion (ECF No. 5) in this case is **DENIED as MOOT**.

**IT IS SO ORDERED**.

s/Timothy M. Cain<br>
United States District Judge

August 28, 2019
Anderson, South Carolina

**Notice of right to Appeal**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, to the extent permitted by applicable law.